## Succession of Charles Morgan.

The functions of an attorney appointed by a Court of Probates to represent the absent heirs of a succession, cease whenever the heirs present themselves, or send their powers of attorney to claim their respective portions of the estate.

Where a sum of money has been left, to be expended under the directions of a particular individual, for the promotion of a specified object, he may appoint an agent to receive it, though its disbursement, for the purposes indicated by the testator, must be necessarily made by himself, or under his direction.

Lucius C. Duncan, is appellant from a judgment of the Probate Court of New Orleans, *Bermudez*, J.

*Duncan, pro se.*, and *Kennedy*, attorney for the absent heirs, submitted this case on the points filed.

Bullard, J. The petitioner, Lucius C. Duncan, represents that the testament of Charles Morgan, deceased, had been admitted to probate, that Matthew and George Morgan had qualified as testamentary executors, and that Thomas Kennedy had been ap-

pointed attorney of the absent heirs.  He further represents that himself and George Morgan had been appointed jointly and severally attorneys in fact of the heirs and legatees, and that their powers have been filed in the Court of Probates, but that said Morgan has declined accepting the agency, which in consequence devolves upon the petitioner.  He prays to be recognized as the attorney in fact of the heirs and legatees, and that the authority of the attorney of the absent heirs, under the appointment of the Court of Probates, be revoked.

The only question which the case presents is, whether the functions of the attorney cease, on the exhibition of the powers given by the absent heirs.  Article 1210 of the Civil Code, appears to be decisive of this question.  It provides that 'the counsel of the absent heirs shall continue to act as such until the heirs present themselves, or send their powers of attorney to claim the succession, or until the curator is finally discharged.'  It is not denied that the heirs are represented by the petitioner.  Their powers of attorney appear ample and properly authenticated.

But the testament contains a disposition for the promotion and extension of the church and religion of Christ, within the limits of the United States, under the direction of the Reverend Mr. Eastburn, the time and manner to be prescribed by him.  For this purpose, the testator disposes of the residuum of his estate.  The procuration of the trustee thus appointed, is also in the record.

The Probate Court was of opinion that none of the petitioner's constituents are entitled to the delivery of the succession, and that he cannot be put into possession; but that the executors must perform their duties in settling the succession under the will, and that the attorney appointed to represent the absent heirs must see that this duty be performed.

We are of opinion that the court erred.  Eastburn, the trustee named in the will, is not an heir, and is not of course represented by the attorney of absent heirs.  He may well receive the legacy through an agent, although the disbursement of it, for the charitable purposes indicated by the testator, must be made by himself, or under his direction.  But the question is not whether the heirs shall be put in possession, but whether they are now duly represented in this state by an attorney in fact, so as to put an end to

the functions of the attorney of the absent heirs. Whether the executors are to proceed with the administration of the estate or not, is a question not presented by the record. The heirs are all of age, they have sent forward their powers, and in our opinion, the counsel heretofore appointed to represent them in relation to the estate is *functus officio.*

It is, therefore, decreed that the judgment of the Court of Probates be reversed, and ours is, that the petitioner, Lucius C. Duncan, be, and he is hereby recognized as the attorney in fact of the absent heirs of Charles Morgan, deceased; that the appointment heretofore made of Thomas Kennedy, as attorney of said absent heirs, be, and the same is hereby vacated; and that the costs be paid by the estate.